

**ORDERED in the Southern District of Florida on August 19, 2015.**

**John K. Olson, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                    Case No.  **14-27418-JKO**

**Eliecer Cuadrado and
Ibaldis E. Martinez**,

        Debtor.                         Chapter  **13**
_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE
<u>SECURED STATUS OF LIEN [ECF 18]</u>**

    This case came before the Court on April 21, 2015 on Debtors' Motion to Value and Determine the Secured Status of the Lien of BSI Financial/Trust Mortgage LLC [ECF 18] (the "Motion").

    On July 31, 2014, Debtors filed this bankruptcy petition [ECF 1].  Debtors' schedules [ECF 1] along with Debtors' Motion [ECF 18] indicate that Ocwen Loan Servicing LLC ("Ocwen") holds

a lien on Real Property located at **6911 SW 9 St., Pembroke Pines, FL 33023** (the "Real Property") securing claims in the aggregate amount of $225,000.00. BSI Financial/Trust Mortgage LLC holds a lien junior to Ocwen securing claims in the aggregate amount of $35,000.00. The Debtors allege that the Real Property was worth $149,150.00 at the time of the filing of the petition. Accordingly, under applicable law, the Debtors seek to strip off BSI Financial/Trust Mortgage LLC's second lien.

However, the Debtors failed to disclose that on February 25, 2012, the Debtors executed a Home Affordable Modification Program Agreement (the "Modification") by which the debt owed to Ocwen automatically reduced the day after the Petition Date, or August 1, 2014, by $78,727.93. As a result of the reduction, the debt was approximately $106,038.37 the day after the petition was filed..

Determination of the secured status of a lien is governed by 11 U.S.C. § 506(a)(1). 11 U.S.C. § 506(a)(1) states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Section 506(a)(1) does not affix a specific time that the Court must use for the purpose of determining the secured status of a lien. Rather, the value "shall be determined in light of the

purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506(a)(1).

Here, the equities, and indeed the code, require a holistic consideration of the case. The change in the balance of the debt owed to Ocwen was well known to the Debtor. Indeed, the Debtor timed the filing of this case knowing the actual balance of the debt.

Accordingly, the Court FINDS as follows:

1. The value of the Real Property located at **6911 SW 9 St., Pembroke Pines, FL 33023**, and more particularly described as :

**Legal Description: Lot 15, Block 11, BOULEVARD HEIGHTS SECTION TEN, according to the plat thereof, recorded in Plat Book 51, Page 15, of the Public Records of Broward County, Florida**

is $149,150.00.

2. The total of all claims secured by liens on the Real Property senior to the lien of BSI Financial/Trust Mortgage LLC (the "Lender") is determined to be $106,038.37.

3. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $43,111.63 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2 Lender has an allowed secured claim in the amount of $35,000.00.

3	Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount states in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

4.	The Real Property may not be sold or refinanced without proper notice and further order of the Court.

5	Notwithstanding the foregoing this Order is not recordable or enforceable until the Debtor receives a discharge in this Chapter 13 case.

###

Copies furnished to:

All parties in interest